**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
M.V.B. COLLISION INC. d/b/a
MID ISLAND COLLISION,

|  |  |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| | 22-CV-7969 (JS) (LGD) |
| STATE FARM INSURANCE COMPANY, | |
| Defendant | |

-----------------------------------------------------------------X


**LEE G. DUNST,** Magistrate Judge:

Presently before the Court is State Farm Insurance Company's ("State Farm" or "Defendant") motion to dismiss ("Motion") in this removed diversity action brought by Mid Island Collision, Inc. ("M.V.B." or "Plaintiff"). *See* Electronic Case File Number ("ECF No.") 16. On April 19, 2024, District Judge Joanna Seybert referred the Motion to the undersigned for a Report and Recommendation. *See* April 19, 2024 Order. As set forth below, the undersigned respectfully recommends that the Court grant in part Defendant's motion with respect to the claims barred by res judicata, deny in part Defendant's motion with respect to the remaining claims, and remand the remaining claims to state court.

I.    **BACKGROUND**

A.    **Relevant Facts[1]**

M.V.B. is an auto body repair shop located in Nassau County, New York. *See* ECF No. 1-3, ("Compl.") ¶ 1. State Farm is a licensed insurance company that underwrites automobile

---

[1] The facts herein are taken from the Complaint (ECF No. 1-3) and are accepted as true for the purposes of this Motion. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (accepting as true all well-pleaded allegations for purposes of a motion to dismiss).

insurance policies within New York. *See id.* ¶ 2. State Farm engages in a practice called "photo-estimating," which allows its customers to submit pictures of damage done to their vehicles and receive an estimate and a subsequent payment in lieu of having to bring their vehicles into a professional repair shop. *See id.* ¶ 4. Plaintiff M.V.B. alleges that Defendant State Farm has used this method of processing claims since 2019, while allegedly knowing that the practice is ineffective, inaccurate, and does not meet industry standards. *See id.* ¶ 5. Plaintiff further claims that Defendant initiated this practice with the knowledge that a substantial number of Defendant's customers would use photo-estimating and accept payment without ever having their vehicles repaired, thus saving Defendant millions of dollars while depriving Plaintiff of the opportunity to repair certain vehicles. *See id.* ¶ 10.

Plaintiff alleges that it and the consumer at large have been injured as a result. *See id.* ¶ 25. Plaintiff claims that consumers were misled by Defendant's misrepresentations or omissions into believing that the photo-estimating practice could fairly and accurately appraise damage to their vehicles. *See id.* ¶ 26. This practice allegedly resulted in undervaluing the amount of money necessary to repair certain damage. *See id.* ¶ 28. Plaintiff also asserts that the practice jeopardizes the safety of consumers because it fails to properly appraise the damage. *See id.* ¶ 37. Plaintiff claims that it was injured because it was denied the opportunity to repair certain vehicles. *See id.* ¶ 10. It alleges that Defendant's practice violates Section 2610 of the New York State Insurance Law and New York's General Business Law ("GBL") Section 349. *See id.* ¶¶ 40-41, 45-46, 49, 51, 56.

### B. Procedural History

On April 2, 2019, Plaintiff commenced an action, strikingly similar to the present one, against Defendant in the Eastern District of New York. *See M.V.B. Collision Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv-1883, Dkt. No. 1 ("*State Farm I*"). In *State Farm I*, Plaintiff

asserted the exact same two causes of action, under the New York State Insurance Law and New York's GBL, as it does in the present case. *See id.*, ECF No. 1. On January 7, 2020, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation, recommending that Defendant's Rule 12(b)(6) motion to dismiss be denied. *See State Farm I*, 2020 WL 1866719, at *1 (E.D.N.Y. Jan. 7, 2020). On February 20, 2020, District Judge Joanna Seybert adopted Judge Lindsay's Report and Recommendation. *See State Farm I*, 2020 WL 830829, at *1 (E.D.N.Y. Feb. 20, 2020). After numerous extensions in the discovery schedule and resolution of several discovery disputes (which were handled by the undersigned, after being randomly reassigned the case on June 8, 2022), fact discovery concluded on June 24, 2022 (with the exception of two depositions yet to be conducted). *See State Farm I*, ECF No. 60. Additionally, expert discovery was to be concluded on October 24, 2022, with the last day for dispositive motion practice to begin on December 14, 2022. *See id.* On October 26, 2022, however, Plaintiff filed a notice of voluntary dismissal with prejudice (*see id.*, ECF No. 61), and *State Farm I* was dismissed that same day by Judge Seybert. *See id.*, ECF No. 62.

Less than two months later, on December 5, 2022, Plaintiff filed this instant action in the New York State Supreme Court in Nassau County. *See* ECF No. 1-3. The two substantive differences between the complaint in *State Farm I* and the Complaint here are (1) Plaintiff is now asserting allegations only from 2019 to the present, compared to previously asserting claims from 2017 to the present (*compare* Compl. ¶ 24 *with State Farm I*, ECF No. 1, ¶ 24); and (2) Plaintiff currently omits specific examples of vehicles which were improperly appraised through Defendant's photo-estimating practice (*compare generally* Compl. *with State Farm I*, ECF No. 1, ¶ 12).

The current action was removed by Defendant on December 30, 2022. *See* ECF No. 1.

On May 25, 2023, Defendant filed the present Motion, arguing that Plaintiff's claims are barred by res judicata and that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6).  *See* ECF No. 16-1 ("Def. Mem.").  Plaintiff responded on July 10, 2023 (ECF No. 19 ("Pl. Mem.")) and Defendant replied on August 3, 2023 (ECF No. 21 ("Def. Rep.").  On October 2, 2023, Plaintiff's then counsel filed a notice informing the Court of her intention to withdraw as counsel and indicated that Plaintiff would be represented by a new law firm.  *See* ECF No. 22.  Plaintiff's new counsel filed a notice of appearance on October 18, 2023 and the undersigned granted Plaintiff's previous counsel's motion to withdraw.  *See* ECF No. 24.  The undersigned then permitted Plaintiff's new counsel to submit an updated response to Defendant's Motion.  *See* ECF No. 30 ("Pl. Supp.").  Per the undersigned's order, Defendant submitted its response to Plaintiff's supplemental briefing (*see* ECF No. 31 ("Def. Supp.")) and Plaintiff submitted its reply (*see* ECF No. 32 ("Pl. Suppl. Rep.")).

On April 19, 2024, Judge Seybert referred Defendant's Motion to the undersigned for a Report and Recommendation.  *See* April 19, 2024 Order.

## II.    LEGAL STANDARD

As a threshold issue, a federal court must have Article III standing to hear a case.  *See* U.S. Const. art. III.  Therefore, "[b]ecause the question of standing goes to the constitutional limitations . . . , [courts] are entitled at any time *sua sponte* to delve into the issue of standing even if defendants do not raise the issue."  *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021) (internal citations and quotations omitted).  "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim."  *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d

Cir. 2005).  Here, the Court *sua sponte* exercises its discretion to determine whether Plaintiff has shown that there is subject matter jurisdiction over its claims.

"When a case has been removed from state court to federal court, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (quoting 28 U.S.C. § 1447(c)).  Thus, a defendant "may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Id.*

Additionally, res judicata challenges may be raised via Rule 12(b)(6) motions to dismiss. *See M.V.B. Collision Inc. v. Progressive Ins. Co.*, 23-CV-221, 2023 WL 8113923, at *2 (E.D.N.Y. Nov. 22, 2023).  "Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (internal quotations omitted).

## III.   DISCUSSION

For the reasons stated below, the undersigned respectfully recommends the Court grant Defendant's Motion with respect to the claims barred by res judicata, but otherwise deny Defendant's Motion, and remand the remaining claims back to state court.

### A.   Article III Standing

While neither party directly addressed standing in their initial briefing, the Court *sua sponte* directed the parties to address standing in supplemental briefing, based on two 2023 decisions decided by courts in this District.  *See* June 6, 2024 Order (citing *M.V.B. Collision Inc. v. Progressive Ins. Co.*, 23-CV-221, 2023 WL 8113923 (E.D.N.Y. Nov. 22, 2023) ("*Progressive*") (District Judge Orelia E. Merchant); and *M.V.B. Collision, Inc. v. Allstate Ins.*

*Co.*, No. 23-CV-243, 2023 WL 9232951 (E.D.N.Y. Dec. 11, 2023), *report and recommendation adopted*, No. 23-CV-243, 2024 WL 217746 (E.D.N.Y. Jan. 19, 2024) ("*Allstate*") (Report and Recommendation by Magistrate Judge Steven I. Locke, adopted in full by District Judge Joan M. Azrack). In response to the undersigned's order, Plaintiff argues that there is standing because the standard at the pleading stage is a "low bar" and that the undersigned should find the decisions in *Progressive* and *Allstate* were wrongly decided, and instead, follow the decision in the previously dismissed action involving these two same parties, *State Farm I*, 2020 WL 830829 (E.D.N.Y. 2020), which found standing to pursue a GBL Section 349 claim (but did not address Article III standing). *See* Pl. Supp. Rep. at 1-2. In purporting to respond to the undersigned's direction, Defendant argues (without any reasoning or substantive argument) that while it "agrees with the reasoning of the courts in *Progressive* and *Allstate* that M.V.B. here, making materially identical allegations, has wholly failed to allege a direct injury" it nevertheless "believes" that the allegations "meet the minimal burden for Article III standing." *See* Def. Supp. at 5. The Court is not convinced by the arguments advanced by the parties and, instead, is persuaded by the well-reasoned opinions in both *Progressive* and *Allstate* where Plaintiff's allegations were strikingly similar to those asserted here and respectfully recommends that the Court find that Plaintiff does not have standing in federal court and thus the case should be remanded to state court.

To establish Article III standing, a plaintiff, at a minimum, must allege three things: "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Kraus v. Snow Teeth Whitening LLC*, No. 20-CV-6085, 2022 WL 4642170, at *3 (E.D.N.Y. Sept. 15, 2022), *report and recommendation adopted*,

No. 20-CV-6085, 2022 WL 4662819 (E.D.N.Y. Sept. 30, 2022) (quoting *Akridge v. Whole Foods Mkt. Grp., Inc.*, 20-CV-10900, 2022 WL 955945, at \*4 (S.D.N.Y. Mar. 30, 2022)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)).

The causation or "traceability" requirement for Article III standing means that a plaintiff must show a "causal nexus between the defendant's alleged conduct and the injury." *Progressive*, 2023 WL 8113923, at \*4. "As compared to the standard for the merits stage, the pleading standard 'for Article III standing is not whether the alleged injury is *plausibly* fairly traceable, but, rather whether the injury is *possibly* fairly traceable.'" *Hoeffner v. D'Amato*, 605 F. Supp. 3d 467, 476 (E.D.N.Y. 2022), *reconsideration denied*, No. 09-CV-3160, 2023 WL 2632501 (E.D.N.Y. Mar. 24, 2023) (quoting *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 156 (S.D.N.Y. 2018)) (emphasis in original).

"While a causation chain for purposes of Article III standing does not fail simply because it has several links, those links cannot be 'hypothetical or tenuous' and must 'remain plausible.' . . . [and] [w]hat matters is not the 'length of the chain of causation,' but rather the 'plausibility of the links that comprise the chain.'" *Progressive*, 2023 WL 8113923, at \*4 (quoting *Zanotti v. Invention Submission Corp.*, No. 18-CV-5893, 2020 WL 2857304, at \*8 (S.D.N.Y. June 2, 2020)). Such "line of causation" cannot be "attenuated" and must be supported by more than "hypothetical, conclusory, and implausible assertions." *Id.* "Though 'a defendant's challenged actions' need not be 'the very last step in a chain of events leading to an alleged injury,' a plaintiff must 'plead facts indicating that a defendant's actions had a determinative or coercive

effect upon the action of someone else who directly caused the alleged injury.'" *Id.* at *5 (quoting *Nat'l Council of La Ram v. Mukasey*, 283 F. App'x 848, 851 (2d Cir. 2008)).  Thus, "causation turns on the degree to which the defendant's actions constrained or influenced the decision of the final actor in the chain of causation." *Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010).

Here, Plaintiff has not established that its alleged injury is fairly traceable to Defendant's conduct.  The only injury that Plaintiff allegedly suffered was that it was "depriv[ed] . . . of the opportunity to repair certain vehicles." Compl. ¶ 10.  According to Plaintiff, the direct cause of this hypothetical injury is the behavior of third-party customers of Defendant's automobile insurance and potential customers of Plaintiff choosing to have their vehicles repaired at another garage or refusing repairs altogether and taking a payment from Defendant. *See id.*  Thus, Plaintiff is required to show, and has failed to do so, that Defendant's actions had some determinative or coercive effect upon these third-party customers' choices.

Plaintiff alleges that Defendant made misrepresentations and omissions that the photo-estimating practice could fairly and accurately appraise damage to vehicles when Defendant knew that the practice is not as accurate as having a professional shop survey the damage in-person. *See* Compl. ¶¶ 26-27.  It also claims that Defendant created this "scheme" with the knowledge that a percentage of their insureds would accept the payment in lieu of repairing the damage. *See id.* ¶ 29.  The Complaint, however, is devoid of any particular misleading or deceptive statement by Defendant and any particular customer, who was allegedly misled, who opted to take Defendant's payment instead of repairing his or her vehicle at Plaintiff's shop.  In the absence of these statements or examples, "Plaintiff seems to rely on the suggestion that the act of offering or advertising a photo-estimating service is inherently deceptive." *Progressive*,

2023 WL 8113923, at *5. Further, there are no allegations that insureds are somehow coerced into forgoing repairs, that the decision not to repair is the "inevitable result" of using the photo-estimating practice, or that insureds would have used Plaintiff for such repairs (if they had chosen to do so). *Allstate*, 2023 WL 9232951, at *3. Conclusory and vague allusions to misrepresentations and deception is not sufficient to establish standing. *See Progressive*, 2023 WL 8113923, at *5 ("It is not clear to the Court how the act of offering an initial repair estimate via a photo-estimate could bear a 'determinative or coercive effect' on consumers' alleged choice to forego repairs. Plaintiff does not make any specific factual allegations supporting this claim, instead . . . [relies on] conclusory allegations [that] do not support the inference that an initial repair estimate, given for the express purpose of facilitating future repairs, would have the 'determinate or coercive effect' of compelling Plaintiff's would-be customers to forego repairs."); *see also Allstate*, 2023 WL 9232951, at *3 (same).

Plaintiff's reliance on *State Farm I* to try to overcome the persuasive reasoning of *Progressive* and *Allstate* is misplaced. In *State Farm I*, Judges Seybert and Lindsay only addressed standing with respect to New York GBL Section 349 and whether M.V.B., in that case, sufficiently alleged an injury under Section 349. *See State Farm I*, 2020 WL 830829, at *2-3 (Judge Seybert adopting the recommendation that M.V.B. alleged injury sufficient for "a non-consumer plaintiff . . . to pursue a Section 349 claim when the gravamen of the [C]omplaint is consumer injury or harm to the public interest"); *M.V.B. Collision Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 19-CV-1883, 2020 WL 1866719, at *4 (E.D.N.Y. Jan. 7, 2020), *report and recommendation adopted*, No. 19-CV-1883, 2020 WL 830829 (E.D.N.Y. Feb. 20, 2020) (Judge Lindsay finding that "[A] plaintiff must allege (1) that the defendant's acts were consumer oriented, (2) that the acts or practices are deceptive or misleading in a material way, and (3) that

the plaintiff has been injured as a result.").  Neither Judge Lindsay's Report and Recommendation nor Judge Seybert's decision adopting the Report and Recommendation addressed Article III standing or the causation/traceability requirement, as Defendant did not raise the issue in *State Farm I* and the 2020 *State Farm I* decisions predate the 2023 decisions in *Progressive* and *Allstate*.

Accordingly, because Plaintiff has not established that Defendant's conduct is fairly traceable to Plaintiff's alleged injury, Plaintiff lacks standing to sue in this federal court.  Instead of dismissal, however, where this Court lacks jurisdiction over a case that was removed from state court, the Court respectfully recommends that the case be remanded.  *See, e.g.*, *Allstate*, 2023 WL 9232951, at *3 (recommending remand for lack of jurisdiction); *Progressive*, 2023 WL 8113923, at *6 (ordering case remanded).

### B.    Res Judicata

The Court further recommends exercising its discretion to bar some of Plaintiff's current claims, based on another threshold legal issue—res judicata.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotations omitted); *see also Progressive*, 2023 WL 8113923, at *6.  Indeed, Defendant's main argument for dismissal is that Plaintiff's claims are barred by res judicata because Plaintiff filed the exact same lawsuit in this Court five years ago.  *See* Def. Mem. at 6-13.  The undersigned partially agrees.

"A defendant moving to dismiss an action on the basis of claim preclusion must show '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same adverse parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action.'"  *Dean v. Town of*

*Hempstead*, 527 F. Supp. 3d 347, 418 (E.D.N.Y. 2021) (quoting *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015)).[2]  However, "a claim 'arising subsequent to a prior action ... [is] not barred by res judicata' even if the new claim is 'premised on facts representing a continuance of the same 'course of conduct.'"  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003)).  Even if both suits essentially involved the same course of wrongful conduct "[s]uch a course of conduct . . . may frequently give rise to more than a single cause of action" involving claims which could not have possibly been alleged in the previous action.  *Id.*  Thus, "res judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint."  *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016), *as revised* (June 27, 2016), *and abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022).

Notably, this *same* argument in the *same* circumstances has been argued and denied twice in this District in cases involving this *same* Plaintiff.  *See Allstate*, 2023 WL 923295124; *Progressive*, 2023 WL 8113923.  In *Progressive*, the court found that, despite the previous case and the second action being based on the same alleged conduct, the subsequent complaint alleged conduct that post-dated the filing of the previous action, and thus, res judicata did not bar those claims in their entirety.  *See Progressive*, 2023 WL 8113923, at *3.  The court, however, found that to the extent that Plaintiff's claims in the previous action overlapped with its claims in the second case, those claims would be barred by res judicata.  *Id.*  Therefore, the court barred

---

[2] The Court, sitting in diversity, applies New York law regarding its analysis of res judicata.  *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) ("The law governing the doctrine of *res judicata* in a diversity action is the law that would be applied by state courts in the State in which the federal diversity court sits.").  However, the outcome in this case would be the same under both New York and federal law. *See Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (finding that New York and federal law res judicata analyses similar).

Plaintiff's claims to the extent that they concerned conduct that occurred prior to the filing of the first complaint (which was August 31, 2021).  *Id.*  In *Allstate*, decided one month later, the court agreed with the approach in *Progressive*, but exercised its discretion to recommend remanding the entirety of Plaintiff's claims without formally addressing res judicata.  *See Allstate*, 2023 WL 9232951, at *3 n.1.

Here, the Court recommends following the well-reasoned approach taken in *Progressive*. In the current action, Plaintiff alleges a course of conduct that occurred since 2019 through the filing of its complaint on December 5, 2022.  *See* Compl. ¶ 24.  In the previous action, filed on April 2, 2019, Plaintiff alleged the same course of conduct.  *See State Farm I*, ECF No. 1. Despite Defendant's arguments to the contrary, Plaintiff could not have previously alleged conduct that occurred after April 2, 2019, and therefore, Plaintiff's claims that post-date April 2, 2019 are not barred by res judicata.  *See Progressive*, 2023 WL 8113923, at *3 ("Because Plaintiff alleges conduct giving rise to its first and second causes of action that post-dates the filing of the *Mid Island I* complaint on August 31, 2021, res judicata does not bar either of these claims in their entirety.").  However, claims regarding conduct that may have occurred from January 1, 2019 through April 2, 2019 (as conceded by Plaintiff, *see* Pl. Mem. at 7-8) are barred by res judicata because Plaintiff could have litigated those claims in its previously-dismissed action.  *See id.* (adopting same approach).[3]

---

[3] Defendant argues that because it went through discovery in the prior action and produced documents that were dated after April 2, 2019, including information from 2022, res judicata should apply to the allegations post-dismissal of the prior complaint—October 26, 2022.  *See* Def. Supp. at 2.  Defendant does not cite any cases for this approach and the undersigned is unpersuaded by that argument.  The complaint in *State Farm I* alleged a course of conduct "[f]or the past several years, including but not limited to 2017," going back to 2015.  *See State Farm I*, ECF No. 1.  The complaint was not amended.  *See generally id.*  Therefore, *State Farm I*, as alleged, was based on conduct that occurred from 2015 through the filing of the complaint on April 2, 2019, not on conduct after that— even if both parties might have produced material post-dating April 2, 2019.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 500 (2d Cir. 2014) (noting that if a defendant engages in actionable conduct after the commencement of a suit, the plaintiff can amend its prior pleading "[b]ut the plaintiff is not required to do so, and his election not to do so is not penalized by application of res judicata to bar a later suit on that subsequent conduct.") (internal quotations omitted).

## IV.     CONCLUSION

For the reasons stated above, the Court respectfully recommends granting Defendant's Motion to dismiss regarding claims that allegedly occurred between January 1, 2019 and April 2, 2019, denying Defendant's Motion on the remaining claims, and remanding those remaining claims to state court due to lack of jurisdiction.[4]

## V.     OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Seybert.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).


                                                          **SO ORDERED:**


Dated:        Central Islip, New York
              July 11, 2024                            s/ Lee G. Dunst
                                         _____
                                         **LEE G. DUNST**
                                         United States Magistrate Judge

---

[4] Given that the Court recommends granting the motion to dismiss on the claims barred by res judicata and remanding the remaining claims for lack of jurisdiction, the Court need not address the remaining arguments by Defendant in support of its motion to dismiss.  *See, e.g.*, *Allstate*, 2023 WL 9232951, at *4 (addressing jurisdiction first without addressing the merits of the claim); *Brady v. Top Ships, Inc.*, No. 17-CV-4987, 2019 WL 3553999, at *17 (E.D.N.Y. Aug. 5, 2019), *aff'd sub nom. Onel v. Top Ships, Inc.*, 806 F. App'x 64 (2d Cir. 2020).